1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LaDON ROBERTS,

11          Plaintiff,                    No. CIV S-05-1342 MCE JFM P

12      vs.

13   G. HOOD, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.24 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  　　　　　The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  　　　　　A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1    Plaintiff's complaint contains the following allegations.  On July 27, 2004, he was

2 on assignment from the California Department of Corrections to work as a firefighter with the

3 California Department of Forestry (CDF).  He was "left in the care of an unauthorized

4 representative" of the Bureau of Land Management, defendant Captain G. Hood, who was "not

5 certified to handle CDC inmate workers."  (Complaint, filed July 5, 2005, at 3.)  Hood told

6 plaintiff and two other inmates to cut up a tree that was located in "an area that had not been

7 deemed safe by CDF procedures" and they were struck by a burning tree.  (Id.)  Plaintiff was

8 taken to the hospital and treated for a right knee contusion.  He was given a lay-in for six days,

9 but then forced to go back to the fire-line with a leg immobilizer.

10    The Civil Rights Act under which this action was filed provides as follows:

11     Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
12     deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
13     law, suit in equity, or other proper proceeding for redress.

14 42 U.S.C. § 1983.  Plaintiff has not specifically identified any federal constitutional right violated

15 by defendants in connection with the events complained of.  As a general rule, the Eighth

16 Amendment governs conditions of an inmate's confinement.  However, the facts alleged by

17 plaintiff are insufficient to support a cognizable claim for violation of his rights under the Eighth

18 Amendment.

19    To state an Eighth Amendment claim based on injury from a safety violation, an

20 inmate must allege two elements: that he was placed in conditions posing a substantial risk of

21 serious harm; and that one or more defendants were deliberately indifferent to that risk.  Farmer

22 v. Brennan, 511 U.S. 825, 834 (1994).

23     A prison official acts with "deliberate indifference only if the
      prison official] knows of and disregards an excessive risk to inmate
24     health and safety."  Gibson v. County of Washoe, Nevada, 290
      F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation
25     marks omitted).  Under this standard, the prison official must not
      only "be aware of facts from which the inference could be drawn
26     that a substantial risk of serious harm exists," but that person "must

1  also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837,
   114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official]
2  should have been aware of the risk, but was not, then the [official]
   has not violated the Eighth Amendment, no matter how severe the
3  risk." Gibson, 290 F.3d at 1188 (citation omitted). [Footnote
   Omitted.] This "subjective approach" focuses only "on what a
4  defendant's mental attitude actually was." Farmer, 511 U.S. at 839,
   114 S.Ct. 1970. "Mere negligence in diagnosing or treating a
5  medical condition, without more, does not violate a prisoner's
   Eighth Amendment rights." McGuckin, 974 F.2d at 1059
6  (alteration and citation omitted).

7  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

8          The allegations in plaintiff's complaint do not state more than a claim for

9  negligence against any named defendant. For that reason, the complaint must be dismissed. It is

10 not clear, however, whether plaintiff could present additional allegations that might state a claim

11 for violation of his rights under the Eighth Amendment. The court will, therefore, grant leave to

12 file an amended complaint.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

16 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

17 there is some affirmative link or connection between a defendant's actions and the claimed

18 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory

20 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

21 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

24 amended complaint be complete in itself without reference to any prior pleading. This is

25 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

26 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2  original complaint, each claim and the involvement of each defendant must be sufficiently

3  alleged.

4          In accordance with the above, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

6          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

7  Plaintiff is assessed an initial partial filing fee of $1.24.  All fees shall be collected and paid in

8  accordance with this court's order to the Director of the California Department of Corrections

9  and Rehabilitation filed concurrently herewith.

10          3.  Plaintiff's complaint is dismissed.

11          4.  Plaintiff is granted thirty days from the date of service of this order to file an

12  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

13  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

14  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

15  an original and two copies of the amended complaint; failure to file an amended complaint in

16  accordance with this order will result in a recommendation that this action be dismissed.

17  DATED:  December 21, 2006.

18

19                  _John F. Moulds_

20          UNITED STATES MAGISTRATE JUDGE

21  12

22  robe1342.14

23

24

25

26